IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, as Trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 1327 |
| v. | ) ) | Judge Virginia M. Kendall |
| R E W CORPORATION, d/b/a SACHS STEEL & SUPPLY CORP., a Missouri Corporation | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and one of its trustees, Howard McDougall (together "Central States"), filed suit against the REW Corporation, doing business as Sachs Steel & Supply Corporation ("REW"), seeking withdrawal liability payments under the Multi-employer Pension Plan Amendments Act ("MPPAA") to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Central States moves for summary judgment, alleging that REW defaulted on its liability payments. For the following reasons, the Court grants Central States' Motion for Summary Judgment.

### STATEMENT OF UNDISPUTED FACTS[1]

Local Rule 56.1 provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party."

---

[1] Throughout this Opinion, the Court refers to Central States' Local Rule 56.1(a)(3) Statement of Material Facts as "P 56.1 Ex. __." REW not only failed to respond to Central States' 56.1 Statement of Material Facts, which the Courts deems admitted, but also did not file its own additional facts as Local Rule 56.1 permits. *See* L.R. 56.1(b)(3)(B), (C).

L.R. 56.1(b)(3)(C). As the moving party, Central States submitted material facts supported by citations to portions of the record and an affidavit, as Rule 56.1(a) requires. REW, however, made no Rule 56.1 submissions either disputing Central States' 56.1 statements or presenting additional material facts of its own. Under Local Rule 56.1, the Court deems admitted all of Central States' facts. L.R. 56.1(b)(3)(C).

REW was subject to a collective bargaining agreement executed between itself and a local union affiliated with the International Brotherhood of Teamsters. (P 56.1 Ex. ¶ 8.) Under the agreement, REW was required to make pension payments on behalf of certain employees to the Pension Fund, which is a multi-employer pension plan under ERISA as defined by 29 U.S.C. §§ 1002(37), 1301(a)(3). (P 56.1 Ex. ¶¶ 3, 9.) On December 29, 2007, the Pension Fund determined that REW ceased to have an obligation to contribute to the Pension Fund and that REW thereby effected a complete withdrawal from the Pension Fund under § 1383. (P 56.1 Ex. ¶¶ 10, 11.) The Pension Fund claimed withdrawal liability in the amount of $17,626.92. (P 56.1 Ex. ¶ 12.) REW did not contest the assessment, nor initiate arbitration, pursuant to § 1401(a)(1). (P 56.1 Ex. ¶ 12.)

On or around November 18, 2009, REW received a notice and demand from the Pension Fund requesting the withdrawal liability amount payable either in one lump sum payment or in 47 monthly payments in the amount of $416.81 each, beginning December 1, 2009 with final payment in the amount of $72.29 due on November 1, 2013. (P 56.1 Ex. ¶¶ 13, 14.) REW submitted the first 12 monthly installment payments through November 2010 and then ceased to make any payments thereafter. (P 56.1 Ex. ¶ 15.) On or about December 17, 2010, REW received a notice from the Pension Fund advising that its liability payments were past due. (P 56.1 Ex. ¶ 16.) The letter warned that if REW failed to make payment within 60 days, the Pension Fund would accelerate

the debt and seek the outstanding withdrawal liability balance. (P 56.1 Ex. ¶ 16; Doc. 20, Ex. B "Sprau Affidavit" at Ex. 2.) REW failed to make any of the remaining 35 payment and has therefore defaulted on the assessment pursuant to § 1399(c)(5). (P 56.1 Ex. ¶ 17.) REW currently owes a balance of $13,069.47 based on the withdrawal liability. (Sprau Affidavit at ¶ 14.)

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chi. Sch. Reform Bd. Of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

**DISCUSSION**

I.  **Default on Withdrawal Liability Payments**

   A.   **MPPAA**

The MPPAA requires an employer that withdraws from a multi-employer pension plan governed by ERISA to pay withdrawal liability assessed by the pension plan. 29 U.S.C. § 1396. This ensures that when an employer withdraws from a pension plan, the financial burden of its employees' vested pension benefits will not be borne by the other employers in the plan. *See Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1371 (7th Cir. 1992). To trigger application of the statute, the pension plan must issue a notice to the employer and a demand for the amount of withdrawal liability. *Id*. Upon receipt of the notice and demand, the employer has 90 days to request an informal review of the assessment by the plan. 29 U.S.C. § 1399(b)(2)(A); *see Chi. Truck Drivers Pension Fund v. El Paso Co.*, 525 F.3d 591, 595 (7th Cir. 2008).

The employer may initiate arbitration under § 1401(a)(1) if a dispute exists concerning the assessment of the withdrawal liability. *See Slotky*, 956 F.2d at 1371. If the employer does not timely initiate the arbitration process to resolve a dispute over a plan's determination of withdrawal liability, the employer waives the right to contest the assessment. *See Chi. Truck Drivers Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 529 (7th Cir. 1997). If the employer fails to timely request arbitration, the amount of withdrawal liability assessed by the plan becomes "due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b)(1); *see El Paso*, 525 F.3d at 595.

The employer can be held in default for failure to make payments when due. *See El Paso*, 525 F.3d at 602. Before an employer can be held to have defaulted on a missed payment, there must be notice and a 60 day opportunity to cure. *Id*. at 602. In the event of a default, the pension plan

may demand immediate payment of the outstanding amount of withdrawal liability. *See Cent. States, Se. & Sw. Areas Pension Fund v. O'Neill Bros. Co.*, 620 F.3d 766, 769 (7th Cir. 2010).

### B. Collection Claim

To prevail on a collection claim, the Pension Fund must show that: (1) it is a multi-employer pension plan and that REW is an employer for the purposes of ERISA; (2) the Pension Fund notified REW of REW's assessed liability; and (3) REW failed to timely initiate arbitration. *See El Paso*, 525 F.3d at 597-98 (citations omitted).

Here, Central States has satisfied all of these requirements. It is undisputed that the Pension Fund is a multi-employer pension plan and that REW is an MPPAA employer. Furthermore, the record demonstrates that the Pension Fund adequately notified REW of the assessed liability payment and that REW failed to dispute the assessment or initiate arbitration. In addition, the Fund notified REW of its missed payment, and waited the requisite 60 days to allow REW the opportunity to cure. These factual allegations are undisputed.

Therefore, Central States has presented the Court with sufficient facts to demonstrate a valid collection claim. REW has defaulted on its withdrawal liability payments and, as such, owes Central States the undisputed remaining balance of $13,069.47.

## II. Damages

Having found that REW defaulted on its withdrawal liability payments, the Court next considers whether Central States is entitled to interest, liquidated damages, and attorney's fees. Under ERISA, a plaintiff that brings a delinquent contribution suit under § 1145 is entitled to the unpaid contributions, interest, fees, costs and the greater of interest or liquidated damages not to exceed 20% of the unpaid amount. 29 U.S.C. § 1132(g)(2). This statute also pertains to actions to

collect delinquent withdrawal liability payments. *See Slotsky*, 956 F.2d at 1377 (affirming district court's grant of interest, liquidated damages, and attorney's fees for defendant's failure to satisfy withdrawal liability). REW has not presented the Court with any precedent to the contrary.

Therefore, the Court finds that Central States is entitled to interest, liquidated damages, and attorney's fees based on REW's withdrawal liability. Central States is instructed to file supplemental documentation establishing the amounts owed within fourteen days of this order.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court grants Central States' Motion for Summary Judgment and finds Central States eligible to seek interest, liquidated damages, and attorney's fees. Central States is instructed to file supplemental documentation establishing the amounts owed within fourteen days. So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 17, 2011